IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UTILITY TRAILER SALES OF KANSAS CITY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-CV-2023 |
| MAC TRAILER MANUFACTURING, INC. and SUMMIT TRUCK EQUIPMENT LLC | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Utility Trailer Sales of Kansas City, Inc.'s ("Utility's) Motion for Leave to File Third Amended Complaint (Doc. #84) to add two parties, Trans-West, Inc. and Transwest Trailers, L.L.C. The present defendants, MAC Trailer Manufacturing, Inc. ("MAC") and Summit Truck Equipment, L.L.C. ("Summit") have filed a response opposing Utility's motion to amend. The case is currently set on the Court's April 27th, 2010 trial calendar.

The Scheduling Order entered on April 21st, 2009 set a deadline of June 12th, 2009 for filing motions to add additional parties or amend the pleadings. Within that deadline, Utility moved for and was granted leave to file a First Amended Complaint to assert an additional theory of recovery against the existing defendants. On December 4, 2009,

Utility moved for leave to file a Second Amended Complaint in order to add additional claims against MAC. The Court granted the motion and the Second Amended Complaint was filed on December 22, 2009. However, in December 2009 and January 2010, Utility took depositions of representatives from Summit and Trans-West, Inc., that Utility claims provided it with new information concerning Trans-West, Inc. and Transwest Trailers, L.L.C., entities related to Summit. According to Utility, this newly discovered information supports the assertion of claims against these entities and thus warrants amending the complaint a third time. Utility filed the present motion on January 22, 2010, after having notified the parties of its intent to request leave to amend at the pretrial conference on January 14th.

Although Utility requests amendment to its Second Amended Complaint, the Pretrial Order entered January 20th, 2010 supersedes all pleadings and controls the subsequent course of the case. *See* Fed.R.Civ.P. 16(e); D. Kan. Rule 16.2(c). "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed.R.Civ.P. 16(e)). Accordingly, the Pretrial Order supersedes the Second Amended Complaint, and the Court analyzes Utility's motion as a motion to amend the Pretrial Order.[1]

---

[1] The Court is aware that Utility notified the parties of its intent to file a motion for leave to file a Third Amended Complaint at the pretrial conference. The Pretrial Order in fact expressly recognized that Utility might file a motion to amend. However, the controlling

In its motion to amend, Utility misstates the standard upon which the court must evaluate its motion.  Leave shall not be given freely when justice requires, as Utility asserts, when the motion to amend is filed after a pretrial order has been entered.  Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "may be modified 'only to prevent manifest injustice.'"  *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed.R.Civ.P. 16(e)). The burden of demonstrating manifest injustice is on the party seeking to amend the order.  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).  The decision to modify the pretrial order lies within the trial court's discretion.  *Id*. (citation omitted).  The court is to consider the following four factors in deciding whether to permit amendment of a pretrial order:  (1) the prejudice or surprise to the opposing party, (2) the ability to cure that prejudice, (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue, and (4) bad faith by the party seeking to modify the order.  *Id*.  The court should also consider whether the party seeking the amendment formally and timely sought modification.  *Id*. *See also Palace Exploration Co. v. Petroleum Dev. Co*., 316 F.3d 1110, 1117 (10th Cir. 2003).

Utility claims that amendment is warranted because it only recently discovered information supporting the assertion of claims against Trans-West, Inc. and Transwest

---

document is the Pretrial Order and the Court therefore construes the motion as seeking leave to amend the Pretrial Order.  *See Guang Dong Light Headgear Factory Co., Ltd. v. ACI Int'l, Inc*., 2007 WL 2461610, at *1 (D. Kan. 2007).  The Court notes that the Pretrial Order did not extend the original deadline set forth in the Scheduling Order to file motions to amend the pleadings.

Trailers, L.L.C.  The defendants counter that Utility had access even before the original

June 12th, 2009 deadline for filing motions to amend to the documents upon which Utility

now relies to assert claims against Trans-West, Inc. and Transwest Trailers, L.L.C.  Thus,

while Utility claims it first uncovered this information in depositions taken in December

2009[2] and January 2010, the defendants argue that the depositions merely confirmed this

information, which Utility actually had access to through documents disclosed on or

about May 18, 2009.  For example, Utility states that it discovered only in December that

Transwest Trailers, L.L.C had a distributorship sales agreement with MAC authorizing

Transwest Trailers, L.L.C to do business in the area covered under the agreement

between Utility and MAC.  However, Utility attached to its Motion for Leave to File

Third Amended Complaint the agreement between MAC and Transwest Trailers, L.L.C.,

and the defendants contend that Utility had the document through the discovery process

on or about May 18th, 2009.  Similarly, Utility claims that it only recently discovered that

"Trans-West, Inc." is the name of the parent entity for Summit, that "Transwest Trailers,

L.L.C." is a sister corporation of Summit, and that the three entities share directors,

officers, members and employees.  Utility relies upon the dealership agreement between

MAC and Transwest Trailers, L.L.C. and the relationship of the entities to assert that

---

[2] Despite the fact that Utility stated precisely when the January depositions occurred, Utility did not specify exactly when the December depositions occurred, the depositions that allegedly provided it with notice of these matters for the first time.  The Court notes that the Second Amended Complaint was not even filed until December 22, 2009. Moreover, this information allegedly acquired in December was disclosed long before the pretrial conference on January 14, 2010.

Summit's authority to sell MAC products in Utility's dealership area stemmed from the agreement between MAC and Transwest Trailers, L.L.C. In support of its motion to amend, Utility attached documents from the Colorado Secretary of State's office concerning the various entities, such as Articles of Incorporation or Organization and annual reports, which indicate the interrelationship between the entities.[3] The defendants, however, assert that Utility had access to these documents on or about May 18, 2009, and that the documents Utility had access to provided Utility with the evidentiary foundation upon which to assert claims against Transwest Trailers, L.L.C. and Trans-West, Inc.

The Court agrees that the documents Utility apparently had access to at some point before the filing of the Second Amended Complaint[4] provided Utility with notice of potential claims against Transwest Trailers, L.L.C. and Trans-West, Inc., such as to

---

[3] For example, the documents of Trans-West, Inc. and Transwest Trailers, L.L.C. refer to the same individual as the registered agent or organizer, and the Articles of Organization for Transwest Trailers, L.L.C. refer to "Trans-West, Inc." as the initial member.

[4] At first, Utility did not directly deny having access to the relevant documents as early as May 2009. Rather, Utility argued that it did not have knowledge of the relationship between the parties in May 2009, and that "[w]ritten discovery responses from both defendants consisted mainly of objections, with production of very few pertinent documents." After the defendants continued to insist in subsequent briefing that the documents had been produced on or about May 18th, 2009, Utility asserted that the documents (1) "by and large were not produced on May 18, 2009 as alleged, but rather over a course of many months and after many demands for compliance with outstanding discovery requests" and (2) were in any event "extremely inconsistent about the various Transwest entities and how they do business." However, the Second Amended Complaint, filed December 22nd, 2009, demonstrates that Utility knew of the general factual basis for asserting claims against these related entities. Moreover, it is unclear how the documents that Utility attached to its motion and that the defendants claim they had access to in May 2009 are inconsistent about the "Transwest entities," as they are merely documents from the Colorado Secretary of State's office concerning the various entities, such as their Articles of Incorporation and Organization.

prevent Utility from now successfully claiming "manifest injustice" if unable to further amend the pleadings to add these additional entities as defendants. The Second Amended Complaint, filed December 22nd, 2009, demonstrates that Utility had knowledge by that point of the evidentiary basis for asserting claims against these related entities, even if Utility was not aware of every precise detail of their relationship. For example, in the Second Amended Complaint, Utility asserted that Transwest Trailers, L.L.C. was Summit's "parent entity" and that it had created Summit in order to operate a competing dealership within Utility's dealership area. Utility now claims that it did not understand prior to the December depositions that Transwest Trailers, L.L.C. was actually a sister entity to Summit, sharing the same officers, directors, members and employees. However, it is obvious that Utility had knowledge by December 22nd of the close correlation between the entities and of the underlying evidentiary foundation for asserting a claim against Transwest Trailers, L.L.C. Indeed, the documents that Utility apparently had access to included the dealership agreement between Transwest Trailers, L.L.C. and MAC. Likewise, Utility had documents concerning Trans-West, Inc. that indicated the close relationship among the parties. Utility alleges that it did not have sufficient knowledge before the depositions in December because Summit "misrepresented its ownership and affiliations," referring specifically to an interrogatory in which Summit represented that it was owned by "Transwest Trucks, Inc." when the actual parent corporation of Summit was "Trans-West, Inc." However, the defendants contend that Utility had in its possession on or about May 18th, 2009 documents which disclosed the existence of "Trans-West, Inc." and indicated the correlation between all of these entities,

such as by listing the same individual as registered agent or organizer.  Moreover, Utility actually alleged in the Second Amended Complaint that MAC breached its agreement with Utility by authorizing entities such as Summit and Summit's "parent and incorporating corporation, Transwest Trailers, Inc." to establish a competing dealership in Utility's dealership area.  Thus, despite Utility's assertions to the contrary, it appears that Utility was aware of the general evidentiary basis for asserting claims against Summit's parent entity before the filing of the Second Amended Complaint.

Moreover, this information allegedly acquired at some point in December was disclosed long before the pretrial conference on January 14, 2010 or the filing of the instant motion to amend on January 22, 2010.  As the Tenth Circuit has consistently recognized, there can be no manifest injustice in refusing to permit modification of the pretrial order where the party seeking amendment had knowledge at the time of the pretrial conference of the relevant underlying facts and issues.  *See Jeffries v. Tulsa County Bd. Of County Com'rs*, 17 Fed. App'x 952, 954 (10th Cir. Sept. 6, 2001) (unpublished opinion) (concluding that a party seeking to amend a pretrial order could not establish manifest injustice where he had knowledge at the time of the pretrial conference of the underlying facts of a potential wrongful termination claim that he later sought to include in the pretrial order when the evidence presented at trial indicated that he might have a viable wrongful termination claim).  For example, in *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416 (10th Cir. 1993), the Tenth Circuit concluded that the district court had erred in permitting amendment to a pretrial order to allow the

inclusion of a preclusion defense. *Id*. at 420. State court litigation upon which the preclusion defense was based had been ongoing and the defendants argued that they could not have known of the preclusion defense at the time of the pretrial conference because the effect of the state judgment could not be known until it was actually entered. *Id*. at 419. However, the defendant had knowledge of the existing state court litigation and of the potential effect of a judgment before the pretrial ordered was entered. Thus, the defendant could not establish "manifest injustice" if the pretrial order were not permitted to be amended. *Id*. at 420 (explaining that "if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference…then it may not be allowed.") (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1527, at 287-89 (1990)). As the Court concludes that Utility had knowledge of the evidentiary basis to assert claims against Trainwest Trailers, L.L.C. and Trans-West, Inc. long before the pretrial conference and, indeed, before the Second Amended Complaint was filed on December 22, 2009, Utility's motion must be denied.[5] The Court concludes that the amendment is not

---

[5] Utility does state that it learned of some of the information providing a basis for claims against Transwest Trailers, L.L.C. and Trans-West, Inc. during depositions taken on January 19th and 20th, 2010. These depositions would have occurred after the pretrial conference held on January 14th, 2010. However, Utility does not distinguish the information that it contends it received only on January 19th or 20th from that which it received in depositions in December. Moreover, at this time, Utility certainly had an evidentiary basis to believe it might properly assert claims against Transwest Trailers, L.L.C. and Trans-West, Inc., because it had already notified the defendants and the Court of its intent to move for amendment of the pleadings to add claims against these entities. Thus, the Court's conclusion is the same as to any information that Utility allegedly acquired from the later depositions.

necessary to prevent manifest injustice given Utility's prior knowledge of the factual basis to assert claims against these entities.[6]

Lastly, the Court notes that amendment at this late date would disrupt the trial process, as the trial date is currently just over one month away.  The deadline for discovery, extended to March 1, 2010, has since passed.  The deadline for dispositive motions has likewise passed.  Utility argues that additional discovery likely need not occur given the relationship between the parties.  Utility also argues that trial preparation would not be significantly hindered because of a "Defense, Indemnification and Tolling Agreement" which has been entered into by the defendants.[7]  However, as the defendants point out, Trans-West, Inc. and Transwest Trailers L.L.C. would have a right to conduct discovery, to assert their own defenses, and to file dispositive motions.  As the Tenth Circuit has instructed, this Court should consider "the timing of the motion in relation to the commencement of trial," *Davey*, 301 F.3d at 1210-11, and, having done so, the Court concludes that a denial of Utility's motion for leave to amend will best further the goal of allowing the parties to fully and fairly litigate their claims.

---

[6] Under the good cause standard, which applies to motions to amend the pleadings after the deadline in the Scheduling Order has passed, untimeliness alone may be a sufficient basis to deny leave to amend.  *See Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  The Court finds that under either standard, good cause or manifest injustice, the motion should be denied.

[7] The defendants argue that this agreement does not include Trans-West, Inc. and Transwest Trailers, L.L.C. in any event.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Utility Trailer Sales of Kansas City, Inc.'s Motion for Leave to File Third Amended Complaint (doc. #84) is **denied**.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2010, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>

John W. Lungstrum

United States District Judge