IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UTILITY TRAILER SALES
OF KANSAS CITY, INC.,

        Plaintiff,

v.

MAC TRAILER MANUFACTURING, INC.,
et al.,

        Defendants.

Civil Action

No. 09-2023-JWL

**MEMORANDUM AND ORDER**

The Court has before it Plaintiff's Motion for Sanctions Against Mac Trailer Manufacturing, Inc. (doc. 65). The motion asks the Court to sanction defendant MAC Trailer Manufacturing, Inc. ("MAC Trailer"), pursuant to Fed. R. Civ. P. 37, for its failure to produce certain officers and personnel for deposition prior to the December 31, 2009 deadline for completion of discovery. In its reply, Plaintiff supplements its motion and asks the Court to compel MAC Trailer to produce documents responsive to its Amended Notice of the Rule 30(b)(6) Deposition Duces Tecum. As set forth below, the motion is denied.

**I.    Background facts**

The Scheduling Order (doc. 13) set a deadline of October 16, 2009 to complete discovery. On October 7, 2009, the parties filed a joint motion to extend the pretrial deadlines, including the discovery deadline. They indicated they were in the process of scheduling depositions of corporate representatives and other fact witnesses, which involved coordination with out-of-state witnesses. The Court granted the motion and extended the discovery deadline to December 31, 2009.

On October 29, 2009, Plaintiff served four Notices of Deposition Duces Tecum on Defendants. They set the depositions of Michael A. Conny, Diana Austin, Steve Hallas, and Phil Bortz on December 7 and 8, 2009 at the offices of MAC Trailer in Alliance, Ohio. *See* docs. 38-41. The Notices directed the witnesses to bring the documents and items listed in an Exhibit B, which described 37 categories of documents.

Counsel for Defendants advised that the depositions could not proceed at the noticed time and requested that the depositions for Transwest/Summit defendants be taken instead in Denver, Colorado, at that time. Due to the schedules of counsel and the holidays, they agreed to extend the deposition into early January 2010.

Counsel for Plaintiff attempted to contact defense counsel at least twice in December to confirm deposition dates. Defense counsel advised that he would contact his client to confirm dates. Hearing nothing from defense counsel, Plaintiff served Amended Notices of Deposition Duces Tecum on Defendants for the depositions of Michael A. Conny, Diana Austin, Steve Hallas, and Phil Bortz on January 19 and 20, 2010 at the offices of MAC Trailer in Alliance, Ohio. *See* docs. 58-60, and 62. Plaintiff also served its Notice of Rule 30(b)(6) Deposition Duces Tecum (doc. 57) on Defendant MAC Trailer on December 31, 2009. The Notice sought the deposition of the designated representative of MAC Trailer on January 19, 2010 and sought the production of the same 37 categories of documents attached to the individual notices of deposition.

On January 5, 2010, Plaintiff filed the instant motion for sanctions against MAC Trailer. On January 6 counsel for the parties advised the Court at a status conference that they had agreed upon a date for the proposed depositions in Ohio. The Court reserved ruling on the motion, pending the

filing of a response and reply.

On January 8, 2010, Plaintiff served its Amended Notice of Rule 30(b)(6) Depositions Duces Tecum on Defendant (doc. 71). At the January 14, 2010 Final Pretrial Conference, the parties advised the Court that discovery was incomplete in that employees, representatives and agents of defendant MAC Trailer had not been deposed. MAC Trailer had agreed to produce all but one of the proposed deponents on January 19 and 20, 2010. With the consent of all parties the Court extended the discovery deadline to March 1, 2010.

On January 19 and 20, 2010, MAC Trailer produced its personnel for depositions. Defendants filed their response to the motion on February 25, 2010. Plaintiff filed its reply on March 12, 2010.

## II. Request for sanctions based upon failure to produce representative for deposition

In its original motion for sanctions, Plaintiff requests that the Court to order both the depositions of MAC Trailer personnel and production of all the requested documents to proceed on January 19 and 20, 2010 at the law offices of its counsel. Plaintiff seeks sanctions against defendant MAC Trailer under Fed. R. Civ. P. 37(d) and 37(b)(2)(A)(i)-(vi). Defendants oppose the motion as unwarranted for lack of any evidence that MAC Trailer failed to appear for a scheduled deposition as contemplated by Rule 37(d). They point out that Plaintiff noticed the depositions at issue on December 31, 2009 and that MAC Trailer personnel were produced on the dates chosen by Plaintiff. Against the contention that MAC Trailer failed to produce representatives for deposition before the deadline in the scheduling order, Defendants argue that it was the responsibility of Plaintiff, not Defendants, to schedule its depositions before the close of discovery.

The Court finds the motion to order the depositions of MAC Trailer personnel for January 19-20, 2010, to be moot. MAC Trailer has produced its personnel and Rule 30(b)(6) corporate representative for depositions, as scheduled in Plaintiff's amended notice. To the extent the motion seeks sanctions for the alleged failure of Defendant to confirm the availability of its officers and personnel for deposition before discovery deadline of December 31, 2009, the Court finds no basis for sanctions. If MAC Trailer failed to confirm availability for depositions after reasonable attempts to confer, Plaintiff was free to unilaterally select a deposition date and serve a timely notice for depositions on defendant MAC Trailer.

**III.   Request for an order compelling MAC Trailer to produce documents**

In its reply to the response of Defendants, Plaintiff supplements its motion. It thereby asks the Court to compel MAC Trailer to produce documents responsive to its Amended Notice of the Rule 30(b)(6) Deposition Duces Tecum. Plaintiff also proposes sanctions for a continuing objection by Defendants to the entities identified in discovery requests and to purportedly inadequate responses to discovery by both Defendants. It asks the Court to overrule the objection by Defendants that the reference to "Summit-related entities" is vague and ambiguous and to order Defendants to respond to the requests without further objection.

The Court denies the supplemental request by Plaintiff for an order to compel MAC Trailer to further respond and produce the documents. First, the Court declines to consider issues first raised in a reply brief.[1] According to the Tenth Circuit, the rationale for such a rule is "obvious."[2]

---

[1] *Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005); *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000); *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL-DJW, 2006 WL 1895456, at *5 (D. Kan. July 7, 2006). *See also Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL

4

Allowing a moving party to raise an issue for the first time in a reply brief robs the opposing party of the opportunity to demonstrate that the record does not support the moving party's factual assertions and/or to present an analysis of the legal issues and precedent that may compel a contrary result.[3]

In its reply in support of its motion, Plaintiff asserts for the first time its request that the Court overrule the objections of Defendants to discovery and to produce documents responsive to its requests duces tecum. Its motion for sanctions does not raise this issue. Nor does it complain of the objections to "Summit-related entities" against its earlier requests for discovery or of any other failure of responses to requests for production. Defendants have had no opportunity to respond to these new requests for relief. The Court therefore declines to address this newly-raised discovery issue.

Nor does the Court find occasion to treat the reply of Plaintiff as a motion to compel or for further sanctions. Plaintiff has not satisfied its duty to confer with defense counsel about the issues it now seeks to raise, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. Under Fed. R. Civ. P. 37(a)(1) a motion to compel discovery must to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

---

427761, at *2 (D. Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs.").

[2]*Stump*, 211 F.3d at 533.

[3]*Id.*

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.
>
> \*   \*   \*
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[4] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[5] The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[6]

Plaintiff refers to its letter of February 24, 2010 to defense counsel as a "good faith effort to resolve this dispute in advance of filing the Motion for Sanctions."[7] It filed the Motion for Sanctions, however, on January 5, 2010, long before the letter. Plaintiff obviously means that its letter of February 24, 2010 shows its effort of good faith to confer, before filing its reply, by which it now seeks to compel production of documents. The Court, nevertheless, finds these efforts insufficient. As already noted, a "reasonable effort to confer" means more than mailing or faxing

---

[4] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at \*1 (D. Kan. June 8, 1999).

[5] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6] *Id.*

[7] p. 3.

a letter to the opposing party. The letter of February 24, 2010 by itself does not satisfy the duty to confer about the allegedly insufficient production of documents.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Sanctions Against MAC Trailer Manufacturing, Inc. (doc. 65) is denied as set forth herein.

IT IS FURTHER ORDERED THAT Defendants' Motion to Strike Plaintiff's Supplemental Motion for Sanction (doc. 114) is denied as moot.

Dated in Kansas City, Kansas, on March 22, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge