IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UTILITY TRAILER SALES OF KANSAS CITY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-2023-JPO |
| MAC TRAILER MANUFACTURING, INC. and SUMMIT TRUCK EQUIPMENT, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This is a breach of contract and tortious interference case. It arises out of a dealer agreement that granted the plaintiff, Utility Trailer Sales of Kansas City, Inc. ("Utility Trailer"), a license to sell products and trailers manufactured by one of the defendants, MAC Trailer Manufacturing, Inc. ("MAC"). Utility Trailer alleges that MAC, in conjunction with the other defendant, Summit Truck Equipment, LLC ("Summit"), took action to undermine and destroy Utility Trailer's dealership by, among other things, opening a competing MAC dealership, failing to support Utility Trailer's MAC dealership, and purporting to terminate the dealer agreement. Trial is scheduled to begin on May 17, 2010. The case is presently before the undersigned U.S. Magistrate Judge, James P. O'Hara,[1] on the motion of MAC and Summit (collectively, "defendants") to exclude at trial the opinion of Jay R. Hill, an

---

[1] Originally, this case was scheduled to be tried by U.S. District Judge John W. Lungstrum. However, the parties recently consented to have the undersigned preside at trial (*see* doc. 123).

accountant whom Utility Trailer has designated as an expert witness on the issue of Utility Trailer's lost profits **(doc. 118)**. For the reasons discussed below, the motion is denied.

## I.     Governing Legal Standards

The Supreme Court has instructed that trial courts have a "gate-keeping obligation" to determine the admissibility of all expert testimony.[2] The admissibility of expert testimony is governed by Fed. R. Evid. 702, which states,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Thus, pursuant to this rule, the court must consider, first, whether the expert is qualified to give the opinion and, second, whether the opinion expressed "rests on a reliable foundation and is relevant to the task at hand."[3]

Under the first step, the court must satisfy itself that the expert is qualified "by knowledge, skill, experience, training, or education" to render the opinion.[4] Experience alone—or experience combined with other knowledge, skill, training, or education—may

---

[2]*Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–93 (1993)).

[3]*Daubert*, 509 U.S. at 591.

[4]Fed. R. Evid. 702; *see also United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

provide a sufficient foundation for expert testimony.[5] The expert is "required to possess 'such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth.'"[6]

Under the second step, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*."[7] In making its reliability determination, the court may ask the following types of questions: (1) whether the theory or technique has been tested (or can be tested); (2) whether the theory or technology has been subjected to peer review and publication; (3) whether there is a known or potential high rate of error; (4) whether there are standards controlling the techniques of operation; and (5) whether the theory or technique is generally accepted within the relevant community.[8] It must be kept in mind, however, that these factors are not exclusive and may not apply in some cases.[9] Additionally, even if the reasoning or

---

[5] Fed. R. Evid. 702 advisory committee's notes.

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (quoting *Graham v. Wyeth Labs.*, 906 F.2d 1399, 1408 (10th Cir. 1990)).

[7] *Nacchio*, 555 F.3d at 1241.

[8] *Kumho Tire*, 526 U.S. at 149–50.

[9] *Id.* at 151; Fed. R. Evid. 702 advisory committee's notes.

methodology underlying the opinion is scientifically valid, the court must consider whether the reasoning or methodology was properly applied to the facts in issue.[10]

Even after *Daubert*, rejection of expert testimony has been the exception rather than the rule.[11] The gate-keeping function of the court does not replace the traditional adversary system and the role of the jury.[12] The weight and credibility of expert testimony are for the trier of fact to determine.[13] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[14]

## II. Discussion and Analysis

Mr. Hill is a certified public accountant accredited in business valuation. Utility Trailer retained Mr. Hill to estimate Utility Trailer's lost net profits resulting from defendants' actions as alleged in this lawsuit. Mr. Hill opines that Utility Trailer's lost profits for the years 2010 through 2019 will be $402,500. Defendants argue that Mr. Hill's

---

[10] *Daubert*, 509 U.S. at 592–93.

[11] Fed. R. Evid. 702 advisory committee's notes; *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, No. 00-2099, 2001 WL 474296, at *2 (D. Kan. Apr. 4, 2001). *See also Robinson v. Missouri Pac. R.R.*, 16 F.3d 1083, 1090 (10th Cir. 1994) ("Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions. The jury is intelligent enough . . . to ignore what is unhelpful in its deliberations.").

[12] *Daubert*, 509 U.S. at 596.

[13] *Jacklovich v. Simmons*, 392 F.3d 420, 429 (10th Cir. 2004); *United States v. Varoz*, 740 F.2d 772, 775 (10th Cir. 1984).

[14] *Daubert,* 509 U.S. at 596.

opinion must be excluded because it is "neither relevant nor reliable."[15] In particular, defendants assert that Mr. Hill's forecast of lost profits "is premised entirely on his calculation of Plaintiff's historic compound annual growth in sales, using only Plaintiff's total sales figure for MAC trailers from two years, 2001 and 2008."[16] Applying the Rule 702 and *Daubert* standards, the court concludes that Mr. Hill's opinion is admissible.

1. Mr. Hill is Qualified

Under the first step in the admissibility analysis, the court is satisfied that Mr. Hill is qualified "by knowledge, skill, experience, training, or education" to render the opinion on Utility Trailer's lost profits.[17] Mr. Hill's curriculum vitae indicates that he is a certified public accountant who has worked for over 22 years in the area of accounting and business valuations, and has conducted or participated in over 475 valuations of closely held businesses. He has previously served as an expert witness on business valuation and economic losses in both civil and criminal cases. Moreover, he has experience calculating lost profits of businesses.

Defendants argue that Mr. Hill is not an expert on "sales practices" nor "the market for trailers," and thus was not qualified to make assumptions about how the trailer market will react in certain situations.[18] But defendants offer no support for requiring experts in this

---

[15]Doc. 118 at 2.

[16]*Id.* at 2.

[17]Fed. R. Evid. 702; *see also Nacchio*, 555 F.3d at 1241.

[18]Doc. 118 at 8.

case to have particular experience in the trailer market. Mr. Hill's opinions are based largely on general accounting and economic principles, not specifically on the trailer market. To the extent that Mr. Hill considered the economic outlook for the trailer market, he relied upon a known source of data in the industry, the March 2009, "Commercial Vehicle Market Intelligence Report" by R.L. Polk & Co. Thus, the court is comfortable that Mr. Hill's opinions are based on a substantial foundation, rather than speculation. To the extent that Mr. Hill lacks specific experience in the trailer industry, defendants may explore this fact on cross examination.[19]

### 2. Mr. Hill's Opinions Are Reliable

The court next considers whether Mr. Hill's opinions are reliable by assessing his reasoning and methodology, as set forth in *Daubert*. Defendants argue that Mr. Hill's calculation of Utility Trailer's compound annual growth rate at 20% for five years is subject to an extraordinarily high rate of error because he used Utility Trailer's sales figures from only two years—2001 and 2008. Defendants state that Mr. Hill has not cited authority that would support this method of determining growth rate, and defendants suggest a number of other analysis Mr. Hill "could have performed."

---

[19] *See The Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-EFM, 2009 WL 3855677, at *3 (D. Kan. Nov. 17, 2009) ("And while Celeritas' challenges as to whether Dr. Ward's assumptions are valid may give rise to objections at trial, we find that such arguments go towards the weight of Dr. Ward's opinion rather than to its admissibility for purposes of this *Daubert* hearing.")

While perhaps Mr. Hill did not use the "best" method in calculating the compound growth rate, the standard for admissibility is reliability, not superiority. Mr. Hill reached his prediction by using standard, albeit basic, accounting principles. And contrary to defendant's assertions, Mr. Hill considered factors other than Utility Trailer's unit sales for 2001 and 2008 in reaching his conclusion. Mr. Hill's report details his evaluation of other factors, such as the general U.S. economic outlook, the regional economy, and business cycles and growth trends for the trucking industry. Mr. Hill then checked the reasonableness of his forecasted growth rate by preparing a linear regression analysis of Utility Trailer's monthly unit sales from 2001 to 2008.

Defendants also assert that Mr. Hill's opinions are not reliable because his assumptions are baseless. "While expert opinions 'must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation, . . . absolute certainty is not required.'"[20] The court finds that, whether ultimately correct or not, Mr. Hill's assumptions are reasoned and based on facts, not pure speculation. Defendants' challenges as to whether Mr. Hill's "assumptions are valid may give rise to objections at trial, [but] such arguments go towards the weight of [his] opinion rather than to its admissibility."[21]

---

[20]*Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir.1995)).

[21]*The Paradigm Alliance, Inc.*, 2009 WL 3855677, at *3.

Finally, defendants raise a number of arguments that, rather than attacking the methodology used by Mr. Hill, attack his conclusions.[22] For example, defendants point out that Mr. Hill's prediction that Utility Trailers would sell 11 MAC trailers in 2009 turned out to be wrong, and that his estimate that Utility Trailers would recognize a 20% compound growth rate was "based on the faulty premise that the economy would experience a full recovery in 2010." Again, these are issues ripe for cross-examination. At the admissibility stage, however, the court's focus is "solely on principles and methodology, not on the conclusions they generate."[23]

### 3. Mr. Hill's Opinions Are Relevant

The court's final consideration is whether Mr. Hill's opinions are relevant, i.e., whether his reasoning and methodology were properly applied to the facts in issue such that his testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue."[24] Defendants argue that Mr. Hill's opinions are irrelevant because they are based on speculative assumptions, such as the assumption that the economy would improve more than marginally in 2010. Defendants also contend that Mr. Hill failed to disaggregate lost profits caused by this dispute and lost profits caused by the current economic recession.

Once again, the court finds these concerns better addressed in cross-examination than in determining the admissibility of expert testimony. Mr. Hill was tasked with the difficult

---

[22]*See* doc. 118 at 4–5.

[23]*Daubert*, 509 U.S. at 595.

[24]Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 591–93.

job of predicting Utility Trailer's future lost profits. In making his prediction of the future, Mr. Hill considered known past events, such as Utility Trailer's historical financial results and the market share of MAC trailers in Kansas and Missouri. Mr. Hill then considered the current state of the U.S. economy, the regional economy, economic forecasts, and industry forecasts. Of course, how the U.S. and regional economies will fare in upcoming years is unknown, but the court finds Mr. Hill's prediction of the future to be based on historical and current facts, as well as reasoned assumptions. Mr. Hill estimated Utility Trailer's future lost profits caused by this dispute and considered the state of the economy in doing so. Mr. Hill was not asked, nor required, to give a second estimate of future lost profits caused by the economy.

Based on the foregoing, the court concludes that Mr. Hill's expert testimony meets the standards as set forth in Fed. R. Evid. 702 and *Daubert*. This ruling, however, is not meant to suggest that the court anticipates Mr. Hill being a particularly strong witness for Utility Trailer. That is, many of the points raised by defendants' motion undoubtedly will be made again–very forcefully–during Mr. Hill's cross examination.

**IT IS THEREFORE ORDERED** that defendants' motion to exclude the expert testimony of Mr. Hill **(doc. 118)** is denied.

IT IS SO ORDERED.

Dated this 3rd day of May, 2010, at Kansas City, Kansas.

   s/   James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge