IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UTILITY TRAILER SALES OF KANSAS CITY, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 09-2023-JPO |
| MAC TRAILER MANUFACTURING, INC. ) and ) SUMMIT TRUCK EQUIPMENT, LLC, ) ) | |
| Defendants. ) | |

## ORDER IN LIMINE

This is a breach of contract and tortious interference case. It arises out of a dealer

agreement that granted the plaintiff, Utility Trailer Sales of Kansas City, Inc., a license to sell

products and trailers manufactured by one of the defendants, MAC Trailer Manufacturing,

Inc. ("MAC"). Utility alleges that MAC, in conjunction with the other defendant, Summit

Truck Equipment, LLC ("Summit"), took action to undermine and destroy Utility's

dealership by, among other things, opening a competing MAC dealership, failing to support

Utility's MAC dealership, and purporting to terminate the dealer agreement.

Trial is scheduled to begin on May 17, 2010. On May 14, 2010, the court convened

a status and limine conference. Plaintiff appeared through counsel, Daniel F. Church.

Defendants appeared through counsel, David R. Buchanan and Derek H. MacKay. During

the conference, the court took up the parties' motions in limine **(docs. 143 & 147)**. Counsel

were accorded an opportunity to supplement their written submissions with oral argument.

The court's rulings are set forth in this order.

## I.      Governing Legal Standards

In ruling on the parties' motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence
> is inadmissible on any relevant ground.  The court may deny a
> motion in limine when it lacks the necessary specificity with
> respect to the evidence to be excluded.  At trial, the court may
> alter its limine ruling based on developments at trial or on its
> sound judicial discretion.  Denial of a motion in limine does not
> necessarily mean that all evidence contemplated by the motion
> will be admitted at trial.  Denial only means that the court
> cannot decide admissibility outside the context of trial.  A ruling
> in limine does not relieve a party from the responsibility of
> making objections, raising motions to strike or making formal
> offers of proof during the course of trial.[1]

## II.     Plaintiff's Motion in Limine

Plaintiff's motion in limine (doc. 143) seeks to exclude six categories of evidence at

trial.  Considering each category in turn, the court rules as follows.

First, plaintiff seeks to exclude any evidence or mention of other lawsuits to which

it or its parent corporation, Kansas City Peterbilt, Inc., has been a party.  Plaintiff asserts such

information is not relevant to any contested question of fact or, if relevant, would unfairly

prejudice plaintiff if admitted.  Defendants do not address these arguments, and the court

therefore considers this request unopposed.  Plaintiff's motion is granted in this regard.

---

[1]*Schipper v. BNSF Ry. Co.*, No. 07-2249, 2009 WL 997149, 1 (D. Kan. Apr. 14, 2009)
(quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

Plaintiff next seeks to preclude MAC from introducing any evidence of MAC's damages on MAC's breach of contract and tortious interference counterclaim. After plaintiff filed its motion in limine, however, MAC voluntarily dismissed its counterclaim and therefore this part of plaintiff's motion is now moot.

Next, plaintiff asks the court to limit the testimony of defendants' designated expert, Randall Wilson, to the opinions expressed in his report. Plaintiff argues that Mr. Wilson should not be permitted to opine about any alternative amount of plaintiff's lost profits, or present an alternative theory or method of calculating plaintiff's lost profits. Although the court agrees with the general proposition that expert opinions not previously disclosed should not be admitted, the application of this rule is fact-specific. For now, plaintiff's motion is denied with respect to this issue, but without prejudice to the issue being reasserted during trial.

Both plaintiff and defendants seek to exclude evidence and comment about each ones size and general financial condition or net worth (what the parties refer to as "David and Goliath evidence"), other than evidence addressing damages claims. These requests are granted, and the court will consider this a stipulation at trial.

Plaintiff also seeks to limit any evidence of the character of its principal, Leon Geis, to evidence of Mr. Geis's character for truthfulness or untruthfulness. Plaintiff asserts that Mr. Geis's reputation as being angry or hard to get along with is not relevant. Defendants respond that Mr. Geis's character is relevant because plaintiff claims the dealer agreement could be terminated only for cause and, if true, then Mr. Geis's "disagreeable nature would

tend to prove that MAC had cause to terminate the contract."  Given the limited state of the record, the court is unable to determine whether Mr. Geis's character is relevant to a claim or defense in this case.  Therefore, without prejudice to more specific information being provided to the court outside the jury's presence at trial, plaintiff's motion as it relates to this issue is denied.

Finally, plaintiff seeks to exclude evidence that it is wholly owned by Kansas City Peterbuilt, Inc.  Plaintiff asserts such evidence is irrelevant and would be introduced solely for the purpose of unfairly prejudicing plaintiff or to confuse the jury.  Defendants respond that the actions and characteristics of Kansas City Peterbuilt, Inc. are relevant to plaintiff's tortious interference claim because they go "to the question of whether Defendants acted maliciously or were justified."[2]  The court cannot ascertain, given the limited record presented, whether the parties' assertions about the evidence are accurate.  Therefore, the court will address this issue if and when it arises at trial upon plaintiff's objection.  For now, plaintiff's motion is denied with respect to this issue, without prejudice to the issue being reasserted during trial.

## III.    Defendants' Motion in Limine

The court next considered defendants' motion in limine (doc. 147), which raises nine major issues.

---

[2]Doc. 157 at 4.

First, defendants seek to preclude plaintiff "from submitting any evidence regarding any claimed breach of the KDMLA [Kansas Dealers and Manufacturers Licensing Act]."[3] Defendants argue that plaintiff's KDMLA claim, which alleges that MAC's cancellation of the dealer agreement failed to comply with the notice of termination procedures set forth in the Act, must fail because the dealer agreement is not a franchise agreement to which the KDMLA applies.[4]

As a practical matter, the court finds the issues defendants have raised with respect to the KDMLA are not evidentiary issues appropriate for resolution by an order in limine. Rather, this is an assertion that one of plaintiff's legal claims is deficient. Clearly, the most appropriate vehicle for raising this challenge would have been a motion for summary judgment, but the deadline for such a motion expired months ago. Of course, however, defendants may make a motion for judgment as a matter of law during trial and, if necessary, after the jury has returned a verdict. In any event, the court will wait to see how the trial record develops before ruling on this legal issue (should defendants re-assert it during trial). Defendants' motion in limine is denied as to this matter.

Defendants next seek to preclude plaintiff from introducing evidence regarding its lost profits arising from the allegations in its complaint. Defendants do not specify the legal basis for excluding evidence of plaintiff's lost profits. Thus, defendants have failed to meet their

---

[3]Doc. 147 at 4.

[4]*See* K.S.A. § 8-2414.

5

burden of demonstrating that the evidence is inadmissible on any relevant ground.  Plaintiff has designated Jay R. Hill as its expert witness on the issue of its lost profits, and the court has previously denied defendants *Daubert* motion, ruling that Mr. Hill's opinion is admissible.[5]  Defendants' motion in limine is denied as to this issue.

In a similar vein, defendants ask the court to exclude evidence regarding plaintiff's claim for tortious interference with a prospective business advantage because an essential element of that claim is that plaintiff suffered damages as a result of defendants' misconduct and, according to defendants, plaintiff has not identified any business relationship it has lost due to any alleged action of defendants.  But as noted at the status hearing held on May 6, 2010, plaintiff has now identified certain witnesses who supposedly will testify regarding lost business relationships.  Moreover, as noted above, plaintiff has identified an expert witness who is expected to testify about plaintiff's lost profits—obviously a form of damages—suffered as a result of defendants' alleged misconduct.  Thus, the court finds no legitimate basis for granting defendants' request, and their motion is denied as to this issue.

If the court does not preclude evidence supporting plaintiff's tortious interference claim, which the court has indicated it will not, defendants ask the court to exclude evidence that MAC entered into a distribution agreement with Transwest Trailers LLC.  Transwest Trailers LLC is a sister company of Summit, both of them being owned by parent company Transwest, Inc.  Defendants argue that evidence of the distribution agreement between MAC

---

[5]*See* doc. 144.

and Transwest Trailers LLC should be excluded as irrelevant and unfairly prejudicial.[6]

Under Fed. R. Evid. 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." An issue in this case is whether Summit tortiously interfered with the dealer agreement between plaintiff and MAC by, among other things, causing plaintiff's existing or potential customers to purchase MAC products in the Kansas City metropolitan area from an entity other than plaintiff. Plaintiff asserts that Summit, Transwest Trailers LLC, and Transwest, Inc. "have overlapping owners, directors, and officers, and their businesses are operated essentially together with the same management, supervisory and administrative staff."[7] Thus, the relationships by and between Summit and Transwest Trailers LLC are potentially relevant: if indeed the entities are overlapping businesses, then the actions and agreements entered by Transwest Trailers LLC will have a tendency to make the alleged actions by Summit more or less probable.

As to prejudice, Fed. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "In performing the

---

[6]Defendants also argue the distributor agreement between MAC and Transit Trailers LLC was never executed because it was not signed by representatives of MAC. This is a legal issue which is not appropriate for resolution on an evidentiary limine motion.

[7]Doc. 156 at 7 (quoting the pretrial order (doc. 81)).

403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."[8] Defendants' only asserted prejudice is that the jury would be confused as to what entity entered an agreement with MAC. Defendants give the jury far too little credit. The court does not find that this is the type of information that would cause jury confusion. Defendants' motion with respect to this issue therefore is denied.

Defendants also assert that plaintiff should be precluded from submitting evidence or comment that Summit was a MAC authorized dealer or entered a distributor agreement with MAC. Defendants state that Summit did not enter into a distributor agreement with MAC. Defendants' motion is denied with respect to this request. The motion fails to specify exactly what evidence should be excluded—if Summit did not enter into a distributor agreement with MAC, then there should be no evidence of such agreement that needs to be excluded.

Defendants seek to exclude the indemnity agreement between MAC and Summit, arguing it is a form of insurance precluded by Fed. R. Evid. 411 and, alternately, it is irrelevant and prejudicial. Rule 411 states that evidence that a person was or was not insured is inadmissible when offered as proof of wrongdoing. The rule states, however, that it does not require the exclusion of such evidence when offered for another purpose, such as bias or prejudice of a witness. Plaintiff states the indemnity agreement should be admitted not as proof of wrongdoing, but because its terms show the close relationship between the

_____

[8]*Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotations and citation omitted).

Transwest entities and Summit. Plaintiff states that the knowledge the Transwest entities had about plaintiff's MAC dealership in Kansas City, Kansas should be imputed to Summit. Plaintiff further asserts the indemnity agreement is relevant to show Summit did not act independently of MAC in opening a MAC dealership in what plaintiff contends was plaintiff's exclusive dealership area. On the record at this time, defendants' motion is denied as to this request. In the abstract, it appears the indemnity agreement would not be precluded by Rule 411 if offered for the limited reasons suggested by plaintiff. Defendants do not sufficiently explain how the agreement might be irrelevant and/or prejudicial. If this issue arises in a specific context at trial, the court will reconsider it upon a proper objection by defendants; further, defendants are free to tender an appropriate limiting instruction with regard to the narrow purpose for which this evidence may be considered by the jury.

As noted above, each side seeks to exclude "David and Goliath evidence," and the court grants these requests. The court agrees with plaintiff, however, that the nature of MAC's nationwide business, how it authorizes dealers in geographic areas, and how it supports those dealers, may be relevant. To the extent defendants' motion seeks to wholly exclude such evidence, the motion is denied at this time.

Next, defendants broadly seek to exclude all witnesses and exhibits not previously disclosed by plaintiff. Fed. R. Civ. P. 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial." The court recognizes that Fed. R. Civ. P. 37(c) and (d) contemplates the exclusion of undisclosed witnesses and exhibits in certain circumstances,

but this rule cannot be applied in the abstract. At this stage, defendants' motion is denied as to this request.

Finally, defendants ask the court to preclude any reference to the fact that defendants objected to evidence and testimony plaintiff sought to offer at trial, to the fact that defendants did not call particular witnesses to testify, and to what the testimony of certain witnesses likely would have been had they been called.[9] Once again, the court declines to exclude evidence and commentary in the abstract. If necessary, defendants may reassert this request at trial in connection with specific evidence or argument that plaintiff may offer.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiff's motion in limine (doc. 143) is granted in part and denied in part, as discussed above.

2.      Defendants' motion in limine (doc. 147) is granted in part and denied in part, as discussed above.

Dated this 14th day of May, 2010, at Kansas City, Kansas.


    s/   James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

_____

[9]Defendants also seek to exclude evidence that defendants filed a motion in limine. Plaintiff agrees such evidence is inadmissible.